# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1349V
Filed: November 13, 2020
UNPUBLISHED

|   |   |
|---|---|
| A.W., by her parent and natural guardian, AMBER WILSON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Master Horner<br><br>Attorneys' Fees and Costs; Reasonable Basis; Reasonable Expert Costs |

*Renee J. Gentry*, Vaccine Injury Clinic, George Washington Univ. Law School, Washington D.C, for petitioners.
*Lynn Schlie*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION REGARDING ATTORNEYS' FEES AND COSTS[1]

  Petitioner initiated this action on September 27, 2017. She alleged that her child, A.W., developed type one diabetes mellitus as a result of her October 11, 2014 measles mumps rubella ("MMR") vaccination. She moved to dismiss her claim on August 3, 2020, and filed a motion to recover attorneys' fees and costs totaling $32,073.10 on September 4, 2020. (ECF No. 51.) Respondent filed his response on September 11, 2020, and no reply was filed. Accordingly, petitioner's motion is ripe for resolution. For the reasons discussed below, petitioners are awarded attorneys' fees and costs in the reduced amount of $27,273.10.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they receive compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In this case, respondent confirmed in his response to petitioner's motion for attorneys' fees and costs that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (ECF No. 53, p. 2.) This is also consistent with the determination of reasonable basis in *Bhattacharyya*, 16-195V, Slip Op (Fed. Cl. Spec. Mstr. Nov. 13, 2020), a type one diabetes case relative to a different vaccine filed by the same counsel, relying on the same expert, and likewise voluntarily dismissed at about the same time.[2]

Upon review of petitioner's motion in this case, the requested hourly rates are in accord with what has previously been awarded and I also find the overall hours billed to be reasonable. Additionally, all of the costs requested by petitioner are sufficiently documented and all of these costs appear reasonable except for petitioner's expert costs. Petitioner requests $9,600.00 for work performed by Mr. Ruscetti from March to May of 2019 in preparation of Mr. Ruscetti's supplemental expert report filed May 28, 2019. (ECF No. 36; ECF No. 51-1, p. 20.) For reasons I explained in greater detail in *Bhattacharyya, supra,* by mid-2018 reports cowritten by Mr. Ruscetti and his partner, Judy Mikovits, had garnered such significant and repeated criticism by special masters that it no longer appears to have been reasonable to rely on these experts. I explained in *Bhattacharyya* based on his performance in that case that these criticisms were fairly imputed to Mr. Ruscetti's solo work.

In *Bhattacharrya*, I declined to compensate any of the costs requested for preparation of Mr. Ruscetti's reports. An additional factor in *Bhattacharyya*, however, was that the costs requested were for a third and fourth report by Mr. Ruscetti, which was excessive given the deficiencies in his initial reports. Because that is not a factor in this case, I instead reduce Mr. Ruscetti's fees in this case by 50%. This is consistent with the value that other special masters have placed on Mr. Ruscetti's work. *E.g. Barker v. Sec'y of Health & Human Servs.*, No. 16-1554V, 2019 WL 4648912, at *6 (Fed. Cl. Spec. Mstr. Aug. 27, 2019); *Bertolucci v. Sec'y of Health & Human Servs.,* No. 15-1573, 2019 WL 4256974 (Fed. Cl. Spec. Mstr. Aug. 28, 2019). This results in a reduction of $4,800.00.

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reduction delineated above, is reasonable. Accordingly, petitioners are awarded **$27,273.10**, representing $22,048.35 in attorneys' fees and

---

[2] The decision addressing attorneys' fees and costs in *Bhattacharyya* is being filed on the same date as this decision.

$5,224.75 in attorneys' costs, in the form of a check made payable jointly to petitioners and Renee J. Gentry, Esq.

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

                                                  <u>**s/Daniel T. Horner**</u>
                                                  Daniel T. Horner
                                                  Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).